IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| STARKE A. HAWKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 114-130 |
| ) | (Formerly CR 112-185) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 49). Petitioner challenges the Magistrate Judge's analysis on many fronts, disputing the conclusion he has not established the requisite deficient performance or prejudice necessary to establish ineffective assistance of counsel. Nothing in Petitioner's objections undermines the Magistrate Judge's reasoned analysis in the R&R, (doc. no. 47), explaining why Petitioner's motion filed pursuant to 28 U.S.C. § 2255 is due to be denied.

As the Magistrate Judge held a day-long evidentiary hearing and issued a thorough R&R, only one argument in the objections merits further discussion. Petitioner contends the Magistrate Judge left out critical facts such as defense counsel's initial testimony that there was no downside to filing a motion to suppress. (See, e.g., doc. no. 49, pp. 22-23.) The R&R correctly did not include this inaccurate representation of the facts because counsel

subsequently agreed there were several downsides to filing a motion to suppress. (See doc. no. 34, Evid. Hr'g 124, 134.) In any event, the addition of this information would not change the outcome for the many reasons explained in the R&R, including Petitioner's testimony he took the plea deal, even after discussing with counsel the possibility of filing a motion to suppress, because the plea would reduce his sentence. (Id. at 214-15.)

Accordingly, the Court **OVERRULES** all the objections, **ADOPTS** the R&R of the Magistrate Judge as its opinion, and **DENIES** the § 2255 motion.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the R&R, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

2

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 8th day of July, 2016, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA