UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

STARKE ALLEN HAWKINS

Case No. 1:12-CR-185

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion by the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the United States Sentencing Commission, **IT IS ORDERED** that the motion is:

☐ **GRANTED**

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____

_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows: _____

☐ **DEFERRED** pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ **DENIED** after complete review of the motion on the merits. **(Doc. 135.)**

☑ **FACTORS CONSIDERED** (Optional)

Even assuming Defendant could establish that his medical conditions place him at an increased risk of severe illness if he contracts COVID-19, thus qualifying as a serious medical condition under U.S.S.G. § 1B1.13, app. note 1(a)(i), the factors of 18 U.S.C. § 3553(a) weigh heavily against his release. Defendant was attributed with 535 images and three videos depicting child pornography, which included images showing "the penetration of pre-pubescent children with adult males, child bondage, and child bestiality." (Presentence Investigation Report, ¶ 5.) Investigation further revealed "very lewd" internet chats between Defendant and a fourteen-year-old girl. (Id. ¶ 6.) Thus, despite his apparent remorse, recognition of the seriousness of his offense, rehabilitation, and low PATTERN score, his release would not be justified in light of the nature and circumstances of his offense. Moreover, releasing Defendant over six years early would not reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. Finally, the Court cannot conclude with any amount of certainty that Defendant, who committed the instant offense in his late fifties, does not pose a danger to the community. See 18 U.S.C. § 3582(c)(1)(A).

☐ **DENIED WITHOUT PREJUDICE** because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

**IT IS SO ORDERED.**

Dated: December 2nd, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA